IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW LEE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-143-JHP-SPS |
| | ) | |
| McCURTAIN COUNTY JAIL, | ) | |
| and RUSSELL MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter comes on for consideration of Defendants' Special Appearance/ Motion to Quash (Dkt. # 6) and Motion for Confession of Defendants' Motion to Quash (Dkt. # 10). Since the plaintiff did not respond to either motion, the plaintiff was ordered to show cause for his failure to respond. Dkt. # 11. The plaintiff was warned that "failure to show cause as directed would result in dismissal of this action for failure to prosecute." *Id.* On October 11, 2012, the plaintiff filed a response to the show cause order in which he basically states it looks like court will quash summons and that he doesn't currently have to be bothered with this lawsuit due to favorable actions occurring in his felony criminal case.

### *Background*

Plaintiff, an inmate at the Oklahoma State Reformatory in Granite, Oklahoma, brought this action pursuant to 42 U.S.C. § 1983, alleging he was subjected to cruel and unusual punishment while returning from court around September 9, 2006. The complaint does not specify what, if any, relief the plaintiff is seeking.

On April 30, 2012, the court clerk provided USM-285 forms to the plaintiff for him

to complete. He was advised to return the forms within (10) days or by May 19, 2012, to the clerk's office. The forms were never returned to the clerk for issuance. Rather, it appears the plaintiff partially completed the forms and then mailed them to the defendants. Thereafter, the defendants filed a motion to quash.

*Legal Analysis*

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Special appearances to challenge jurisdiction over the person are not necessary under the Federal Rules of Civil Procedure, 28 U.S.C. In fact, Rule 12 of the Fed.R.Civ.P. has abolished for federal courts the age-old distinction between general and special appearances. *Orange Theatre Corp. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3rd Cir. 1943). Under Civil Procedure Rule 12(b)(2), however, a defendant has the right to assert by motion before answer a jurisdictional defense such as lack of personal jurisdiction. In this case, the defendants clearly asserted in their motion to quash that this court lacked personal jurisdiction due to the lack of a court issued summons as required by Fed.R.Civ.P. 4.

In Oklahoma, the statute of limitations for a civil rights cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Section 1983 claims accrue , for the purpose of the statute of limitations, "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (quoting *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied*, 444 U.S. 842 (1979)). In this case, Plaintiff alleges that he was pushed and rammed into a window while in leg irons around September 9, 2006 and that he was thrown into a chair where he was made to stay for 7 hours. A liberal reading of plaintiff's complaint indicates that the plaintiff suffered a "dislocated shoulder joint." While, as a general rule, plaintiff's cause of action would have accrued in September, 2008, plaintiff was required by the Prison Litigation Reform Act of 1996, prior to bringing this lawsuit, to exhaust his available administrative remedies. *See*, 42 U.S.C. § 1997e(a). While the plaintiff's complaint indicates he has exhausted his administrative remedies, this court can not ascertain from the complaint when the plaintiff's administrative remedies were exhausted. Thus, this court cannot determine from the face of the complaint whether Oklahoma's statute of limitations would bar this action. *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006)(complaint should not be dismissed *sue sponte* under § 1915 unless it is patently clear from the face of the complaint). Since, however, the summons were not properly issued, this court lacks personal jurisdiction over the defendants.

Accordingly, this court finds the defendants' motion to quash (Dkt. # 6) should be and hereby is **GRANTED**. Because the plaintiff is proceeding *pro se*, the court clerk is directed

to again provide the plaintiff with USM-285 forms to complete for each of the named defendants. The plaintiff is directed to complete the forms by inserting the name and current address for each named defendant and then return the forms within fourteen (14) days or by November 5, 2012 to the court clerk's office for issuance and service upon the defendants. The plaintiff is advised that failure to return the forms as directed will result in dismissal of his complaint for failure to prosecute.

It is so ordered on this 19th day of October, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma